# MEMORANDUM DECISIONS.

ACKEN v. DEVENEY. (Supreme Court, Appellate Division, First Department. October 21, 1898.) Action by Samuel I. Acken against Ellen Deveney. No opinion. Motion granted, with $10 costs.

ALTIERI v. SAKARIASEN. (Supreme Court, Appellate Division, First Department. October 14, 1898.) Action by Pasquale Altieri against Didrik Sakariasen. No opinion. Motion granted.

APPLEBY, Respondent, v. SEWARDS et al., Appellants. (Supreme Court, Appellate Division, First Department. October 14, 1898.) Action by Lorimer C. Appleby, as trustee, against Sophia Sewards and another. A. Furber, for appellants. L. A. Willes, for respondent. No opinion. Judgment affirmed, with costs.

ASTRAND, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant (two cases). (Supreme Court, Appellate Division, Second Department. October 18, 1898.) Actions by Garda Astrand and Axel Astrand against the Brooklyn Heights Railroad Company. No opinion. Orders affirmed, with $10 costs in one case and disbursements in both, on authority of Coster v. Ferry Co., 5 Civ. Proc. R. 146, affirmed in 98 N. Y. 660. See 53 N. Y. Supp. 294.

ATKINS, Appellant, v. JUDSON et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October 7, 1898.) Action by Littleberry C. Atkins against Edward B. Judson, Jr., and others. No opinion. Motion for reargument denied, with $10 costs. Motion for leave to appeal to the court of appeals denied. See 53 N. Y. Supp. 504.

BALZ, Respondent, v. UNDERHILL et al., Appellants. (Supreme Court, Appellate Division, First Department. November 18, 1898.) Action by Mary J. Balz, as executrix, etc., against Edward C. Underhill and another. J. A. Koones, for appellants. A. Kiendl, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BARBER et al., Respondents, v. MANHATTAN RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. October 14, 1898.) Action by Ann Barber and others against the Manhattan Railway Company. J. O. Nichols, for appellant. C. N. Bovee, for respondents. No opinion. Judgment affirmed, with costs.

BARKLEY, Respondent, v. EVERS, Appellant. (Supreme Court, Appellate Division, Third Department. November 22, 1898.) Action by John W. D. Barkley against Bernard Evers. No opinion. Judgment modified, by deducting therefrom the sum of $4.50, being the costs in the justices' court, and, as so modified, affirmed, with costs.

In re BAXTER. (Supreme Court, Appellate Division, Third Department. November 16, 1898.) In the matter of the application of Henry T. Baxter. No opinion. Order affirmed, with $10 costs and disbursements.

BECK et al., Appellant, v. BOHM, Respondent. (Supreme Court, Appellate Division, First Department. October 14, 1898.) Action by Louis Beck and another against Rudolph Bohm. C. K. Beckman, for appellant. E. Kaufman, for respondent. No opinion. Judgment affirmed, with costs.

BECK, Respondent, v. FITZGERALD, Appellant. (Supreme Court, Appellate Division, First Department. October 21, 1898.) Action by Pauline Beck against Elizabeth Fitzgerald, as executrix. E. Browne, for appellant. W. McCloskey, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BELL, Respondent, v. MOEN'S ASPHALTIC CEMENT CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 4, 1898.) Action by Sidney Bell against Moen's Asphaltic Cement Company. No opinion. Why is leave to appeal to the court of appeals necessary? See 52 N. Y. Supp. 1084.

BELL v. MOEN'S ASPHALTIC CEMENT CO. (Supreme Court, Appellate Division, Second Department. October 18, 1898.) Action by Sidney Bell against the Moen's Asphaltic Cement Company.

PER CURIAM. Application denied. We are without power to grant leave, and leave is unnecessary if the plaintiff gives the stipulation prescribed by the constitution and subdivision 2 of section 190 of the Code of Civil Procedure. As for the suggestion that the court of appeals cannot review the unanimous determination of this court, that there is evidence to sustain a finding of fact or verdict, it is sufficient to say—First, that this court has not found that the evidence sustains the verdict, but exactly the contrary, and therefore it does not fall within the provision of the Code; second, if it did, this court would have no power to dispense with the constitutional provision limiting the power of the court of appeals on review. See 52 N. Y. Supp. 1084.

BENDIT, Respondent, v. THIRD AVE. R. CO., Appellant. (City Court of New York, General Term. November 18, 1898.) Action by

Max Bendit against the Third Avenue Railroad Company. Clifford Seasongood and Henry W. Mayer, for appellant. M. D. Steaur and Abraham S. Levy, for respondent.

PER CURIAM. Judgment and order appealed from affirmed, with costs.

In re BINGHAM et al. (Supreme Court, Appellate Division, First Department. October 21, 1898.) In the matter of William H. Bingham and another. C. De H. Brewer, for appellant. W. P. Maloney, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BLAKE, Appellant, v. REILLY, Respondent. (Supreme Court, Appellate Division, Second Department. November 29, 1898.) Action by James W. Blake against John B. Reilly. No opinion. Judgment affirmed on argument, with costs.

BOWEN, Appellant, v. NOTEWARE, Respondent. (Supreme Court, Appellate Division, Third Department. November 22, 1898.) Action by Cyrus F. Bowen, as executor, etc., against Frederick H. Noteware. No opinion. Judgment affirmed, with costs. All concur, except MERWIN and HERRICK, JJ., dissenting.

BRACKETT, Respondent, v. SCHAFF, Appellant. (Supreme Court, Appellate Division, Third Department. November 22, 1898.) Action by Edgar T. Brackett against Harrison Hale Schaff. No opinion. Judgment affirmed, with costs. All concur, except LANDON and HERRICK, JJ., dissenting.

BRADT et al., Respondents, v. KRANK et al., Appellants. (Supreme Court, Appellate Division, Third Department. November 16, 1898.) David Bradt and others against John Krank and others. No opinion. Judgment affirmed, with costs. All concur, except PARKER, P. J., and LANDON, J., dissenting.

BRAY v. SCHWEGLER. (Supreme Court, Appellate Division, First Department. October 14, 1898.) Action by Susan Bray against William Schwegler. No opinion. Motion granted, with $10 costs.

BREES, Respondent, v. BREES et al., Appellants. (Supreme Court, Appellate Division, Third Department. September 23, 1898.) Action by Matilda C. Brees against Charles H. Brees and others. No opinion. Judgment modified so as to provide that the relief awarded to the plaintiff therein shall be granted, upon condition that she pay to the defendant Charles H. Brees $500, the sum expended for repairs on the premises described in the complaint, without interest, and, as modified, affirmed, without costs on this appeal to either party.

In re BROOKLYN EL. R. CO. (Supreme Court, Appellate Division, Second Department. November 3, 1898.) In the matter of the petition of the Brooklyn Elevated Railroad Company, relative to acquiring title to real estate or a right of way on Myrtle avenue, in the city of Brooklyn and county of Kings, against William F. C. H. Voss, owner of parcel No. 10, and Benjamin D. Silliman. No opinion. Order affirmed, with $10 costs and disbursements.

BROWN, Respondent, v. HIRSCHBERG et al., Appellants. (City Court of New York, General Term. December 7, 1898.) Action by J. Luther Brown against Solomon C. Hirschberg and others. A. Morse, for appellants. T. S. Hill, for respondent.

SCHUCHMAN, J. The action is brought on a written contract, whereby the defendants agree to give Blair & Boatwright (the plaintiff's assignors) the sole right of the sale of Hirschberg's spectacles and eyeglasses, in the town of Danville, for the period of one year, and the plaintiff's assignors agree thereby "to work in the interest of the Hirschberg Optical Company, and do all they can to increase sales of the Hirschberg spectacles and eyeglasses." The written contract contains the two following provisions: "(1) In the event of a breach of this contract by Blair & Boatwright (plaintiff's assignors) in any particular, this contract shall become void. (2) At the expiration of twelve months, the said Hirschberg Optical Company will purchase any goods in good condition, at what said Blair & Boatwright paid for said goods." Blair & Boatwright had paid defendants for said goods, and, at the end of the year, tendered defendants the balance remaining unsold, and demanded payment of the amount, what they had paid therefor; but defendants refused payment, claiming that Blair & Boatwright had broken their contract, in that they did not work in the interest of the defendants, and did not do all they could to increase sales, and that, therefore, they were not obligated under the contract. The controversy, thus arisen, was submitted to the jury by a proper charge, and they found for plaintiff. The motion to dismiss at the end of plaintiff's case was properly denied. The evidence shows that plaintiff's assignors substantially fulfilled their part of the contract, and the trial judge, in his charge, told the jury: "It is for you to determine whether plaintiff's assignors did their duty in attempting to handle the goods of the defendants," etc. There is sufficient evidence in the case to sustain the verdict, and the same is not against the weight of evidence. Judgment and order appealed from is affirmed, with costs. McCARTHY, J., concurs.

BROWN, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 7, 1898.) Action by Jasper J. Brown, as administrator, against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

BROWN et al., Respondents, v. WADSWORTH et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 11, 1898.) Action by Helena I. Brown and others against Mary A. Wadsworth and others. No opinion. Motion to resettle order denied. See 53 N. Y. Supp. 215.